THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RUBÉN DE JESÚS GÓMEZ, Defendant and Appellant.

No. CR-70-53.      Decided April 25, 1972.

*Helios A. Zeno Villafañe* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On March 17, 1969, a complaint was filed against appellant, after judicial determination of probable cause, in the District Court, Guayama Part, for violation of § 82 of the Spirits and Alcoholic Beverages Act, 13 L.P.R.A. § 1759, as it was in force then. It is a misdemeanor. The holding of the trial was continued several times at the request of the defense and finally it was set for September 9, 1969. On that occasion appellant moved for the dismissal of the prosecution. He alleged that said Part lacked "jurisdiction" because the Spirits and Alcoholic Beverages Act, § 86 (B), granted exclusive jurisdiction to the Superior Court to take cognizance of violations to said act. Said section provided the following:

"Cognizance is hereby vested in the Superior Court of all misdemeanor cases for violation of the provisions of this subtitle, or of the regulations heretofore or hereafter promulgated for the enforcement hereof; Provided, That the corresponding trials shall be heard by the court without a jury."—13 L.P.R.A. § 1765.[1]

About the validity of that section at the date of the hearing in the District Court—September 9, 1969—we shall see later on. Let us continue with the facts. In view of the aforementioned contention, the Guayama Part of the District Court ordered the transfer of the case to the Part of the same city of the Superior Court. In the Superior Court the prosecuting attorney filed the information on October 2, 1969, and the case was called for arraignment on the 14th of said month and year. The same was considered as read, a term was granted to the defendant to plead, and the case was set for November 7 of that year. On October 17, 1969, the appel-

---

[1] Repealed by Act No. 143 of June 30, 1969.

lant filed a written motion for dismissal alleging that the "complaint" was not filed against the defendant within the sixty days after his summons. In the prayer he requested that the "information" filed be dismissed on the ground aforementioned. Said motion was discussed on December 19, 1969, the same was denied by the court and the case was heard on the merits. Appellant was found guilty and a fine of $100 was imposed on him.

On appeal appellant assigns the following three errors:

1. "The trial court erred in determining that there existed just cause to file the information out of the term provided by the Rules of Criminal Procedure."

2. "The trial court erred in determining that the evidence introduced by the prosecuting attorney was sufficient to support the offense charged against the defendant-appellant."

3. "The trial court erred in prejudging defendant-appellant's guilt, the Judge who presided the prosecution, showing, with all the respect that we owe him, that he acted moved by prejudice and partiality."

In the discussion of the first error assigned appellant argues the following: The complaint was filed on March 17, 1969, probable cause was determined, and the summons was issued. The information was filed in the Superior Court on October 2, 1969, and the arraignment was held on the 14th of that same month. There is no doubt, appellant argues, that for said date more than sixty days had elapsed between the date of the summons and that of the filing of the information. Appellant argues that in the assumption that the transfer of the case from the District Court to the Superior Court had been proper, the proceedings carried out in the District Court were not valid since said court lacked jurisdiction on the matter and therefore, he reasons, the information was untimely filed in the Superior Court.

■ We do not agree with appellant. The filing of the complaint in the District Court carried out *within* the period

of sixty days after his summons of the defendant satisfied the requirement of Rule 64(n)(2) which he invoked.[2] It satisfied it because the problem of lack of jurisdiction (of the District Court) which appellant mentions does not exist. Since the year 1952, in which the Constitution was approved, the courts of Puerto Rico constitute "a unified judicial system for purposes of jurisdiction, operation, and administration," Constitution, Art. V, § 2.

In the Report of the Committee on the Judiciary Branch of the Constitutional Convention, upon discussing the cited § 2 of Art. V of the Constitution, the following was said:

"This section establishes the complete unification of the courts of Puerto Rico. The unification of the courts produces, among other effects, *the elimination of technical problems of jurisdiction*. The legislative power remains, nevertheless, empowered to determine the venue of the courts and to provide that, if a litigant resorts to a court different from the one indicated by the laws on venue, the adverse party may request and obtain the transfer of the case, or the court *motu proprio* can provide it so."[3] (Italics ours.)

■ As can be seen, one of the purposes of that section was to eliminate problems of lack of jurisdiction as the one raised in the case at bar. When a litigant resorts to a court different from the one indicated by the laws, the adverse party may request and obtain the transfer of the case, or the court *motu proprio* can likewise do so.

Our Judiciary Act, which had the purpose of realizing the cited constitutional mandate, provides in its § 9 that the Court of First Instance shall consist of two divisions, a division known as the Superior Court and a division known as

---

[2] As it is known, Rule 64(n)(2) of the Rules of Criminal Procedure provides that the motion to dismiss may be based on the ground "That no information or complaint was filed against the defendant within sixty days after his arrest or summons."

[3] 4 *Diario de Sesiones de la Convención Constituyente de Puerto Rico* 2609, Equity ed., 1961.

the District Court. 4 L.P.R.A. § 61. Said Judiciary Act then provides in a very clear and definitive manner in its § 10, 4 L.P.R.A. § 62, the following:

"The Court of First Instance is a court of original general jurisdiction with power to act in the name and by the authority of the Commonwealth of Puerto Rico in all civil and criminal proceedings as hereinafter provided. Every civil or criminal action shall be filed in the part of the court held at the place where it should have been filed under the legislation heretofore in force; *but no cause shall fail on the ground that it has been submitted to a division without jurisdiction* or authority or to a part of the court of improper venue. Every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court." (Italics ours.)

　　Said § 10 is so clear that it hardly needs comments. The case at bar could have been heard in the District Court if the parties and the judge would have consented to it. Since the approval of the Judiciary Act, the cited § 86(B) was directive and did not impose a mandatory jurisdictional requirement, but since one of the parties—the appellant—objected, the transfer lied and the judge acted correctly in granting it. Section 10 of the Judiciary Act, 4 L.P.R.A. § 62.

It is precisely in situations like the ones of the case at bar that the cited constitutional provision which establishes that the courts of the country constitute a unified judicial system for purposes of jurisdiction, operates concretely. The cited § 10 of the Judiciary Act also operates specifically in this case.

The Report of the Committee which prepared the draft of the Judiciary Act, whose report the Civil Juridical Committee of the House of Representatives, which informed said bill, made part of its official report, in discussing precisely

the provision of said act which establishes which cases the Superior Court shall entertain, expresses the following:

"These sections of this Act do not erect mandatory jurisdictional requirements which must be followed in all events and at all costs. The specification of types of cases herein indicates those subjects appropriately cognizable in the Superior Court; they do not erect unpassable barriers. Both divisions of the Court of First Instance have and may exercise the power to adjudicate all cases cognizable anywhere in the General Court of Justice and hence their judgments, no matter what the subject matter or the amount in controversy, are entirely effective. Sections 13 and 18 of this Act state the appropriate divisions for the effective consideration and disposition of the cases; but if they are not followed in a particular case, that controversy may be heard where brought by consent of the parties and approval of the judge, or in any event transferred to the proper part for hearing. In no case is it to be dismissed."

■ That same report states further on that under the new Act "[S]pecial provisions for the place of trial of criminal cases" and other proceedings "shall remain in effect as directive provisions" as to such cases.[4]

Besides the official documents, probably the most authorized comment about our Judiciary Act is the one made by the distinguished Judge Charles E. Clark and Attorney William D. Rogers, in the work which we mention hereinafter since Judge Clark was one of the principal coauthors of the bill of the Judiciary Act. Said comment coincides with the exposition we have made and with the documents we have cited. It is stated there that the legal provisions that provide as to the forum to see certain cases are now, under the Constitution and the Judiciary Act, directive instead of mandatory or jurisdictional provisions. It is expected, of course, the authors state, that the judges shall observe said mandatory

---

[4] See Record of H. B. No. 14 of the 17th Legislative Assembly, 20th Special Session, Report of July 22, 1952. The cited parts of the Report can be seen in the history that appears under § 121 of Title 4 of L.P.R.A.

provisions. See, from said authors, *"The New Judiciary Act of Puerto Rico: A Definite Court Reorganization,"* in 61 Yale L.J. 1147 (1952), especially about this, at pp. 1155–1158. The foregoing as to the observance by the judges of said mandatory provisions should be so because we the judges should be the first to obey the words and the spirit of the laws because the good administration of the Judicial Branch requires it so.[5]

In *People* v. *Superior Court,* 84 P.R.R. 135 (1961), we made correct manifestations about the organization and operation of the judicial system established by the Constitution and by the Judiciary Act, but we erroneously concluded that on account of the fact that in that case the complaint in the District Court had not been signed by a prosecuting attorney when the case was transferred to the corresponding part of the Superior Court, the information filed by the prosecuting attorney in said court should be considered as the

---

[5] For other sources besides the ones cited, see: *"Consensus Statement of the National Conference on the Judiciary,"* 55 J. Am. Jud. Soc'y 29 (1971); Gazell, *State Trial Courts: An Odyssey Into Faltering Bureaucracies,* 8 San Diego L. Rev. 275 (1971); Schwartz, *The Unification and Centralization of the Administration of Justice,* 51 J. Am. Jud. Soc'y 337 (1967); McWilliams, *Court Integration and Unification in the Model Judicial Article,* 47 J. Am. Jud. Soc'y 13 (1963); Pound, *The Causes of Popular Dissatisfaction With the Administration of Justice,* republished in 46 J. Am. Jud. Soc'y 55 (1962); Peck, *Court Organization and Procedures To Meet the Needs of Modern Society,* 20 The Ala. Law. 181 (1959); Elliot, *Our Faith in Justice: Puerto Rico Shows the Way to Better Courts,* 42 A.B.A.J. 24 (1956); Callison, *Courts of Injustice* 525 *et seq.* (1956); Snyder, *New Puerto Rico Judicial System,* 36 J. Am. Jud. Soc'y 134 (1953); Vanderbilt, *The Essentials of a Sound Judicial System,* in 48 Nw. U. L. Rev. 1 (1953) and in II *Selected Writings of Arthur T. Vanderbilt* 51 (1967), ed. by Klein and Lee; Vanderbilt, *Minimum Standards of Judicial Administration* 29 *et seq.* (1949); Willoughby, *Principles of Judicial Administration* 254 *et seq.* (1929).

For purposes of comparison in general, see: Karlen, *Judicial Administration, The American Experience* (1970); Marsh, *An Hour and Fifteen Minutes in Old Bailey,* 55 J. Am. Jud. Soc'y 192 (1971); Harley, *The Courts of Birmingham,* 55 J. Am. Jud. Soc'y 190 (1971); Karlen, *Appellate Courts in the United States and England* (1963); Jackson, *The Machinery of Justice in England,* 2d ed. (1953).

initiation of the case.[6] As to that conclusion that case should be understood as reversed.

■ Through the second error assigned, the sufficiency of the evidence is challenged. Said assignment does not have merit. Appellant was accused of selling alcoholic beverages in a business establishment belonging to him without a permit or license therefor as required by law. The record has sufficient evidence to support the conviction. The trier of the facts did not believe appellant's version, which consisted in that the alcoholic beverages there were not paid with money but in goods. He testified that if a person consumed 10 beers, he would return them afterwards and if he used a bottle of rum, he would return two. We do not believe that we should disturb the weighing of the evidence made by the trier of the facts. The second error assigned was not committed.

■■ The third error charges prejudice and partiality against the judge who presided the trial. It is argued that the judge stated that the fine would be $25 and that later he corrected it to impose the minimum required by law which was $100. Section 86 of the Spirits and Alcoholic Beverages Act, Act No. 6 of June 30, 1936, 13 L.P.R.A. § 1763. The record does not show prejudice nor partiality to justify reversal. Certainly the correction of the judgment to adapt it to what is ordered by law did not constitute error. On the contrary, it was a duty of the judge to do it. *González de Jesús* v. *Delgado, Warden*, 90 P.R.R. 30 (1964) ; *Bozza* v. *United States*, 330 U.S. 160 (1947). The third assignment was not committed either.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martínez Muñoz took no part in this decision.

---

[6] See footnote 5 in 84 P.R.R. 141.